**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NORMA MARTINEZ a/k/a NORMA DYER** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:23-cv-0641** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

    **STATE FARM LLOYDS** ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 434th District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

**I.**
**PROCEDURAL BACKGROUND**

    1. On January 10, 2023, Plaintiff filed this action against State Farm in the 434th District Court of Fort Bend County, Texas. The state court cause number is 23-DCV-300239 ("State Court Action"). State Farm was served on January 19, 2023 and filed its answer on February 13, 2023. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

    2. In accordance with 28 U.S.C. § 1332 and 1446, State Farm files this Notice of Removal to remove the State Court Action from the 434th District Court, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to Plaintiff in accordance with a Homeowner Policy for damage to their property caused by a storm that occurred on or about July 1, 2021. *See Plaintiff's Original Petition,* at ¶9, *Attached as Exhibit A*. Plaintiff asserts causes of action for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act. *Id*. at ¶6. As addressed in further detail below, State Farm now timely files this Notice of Removal because there is complete diversity of citizenship between the parties and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
## BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. Plaintiff is an individual and resident of Fort Bend County, Texas. *Plaintiff's Original Petition,* at ¶2. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other

than Texas. *See Affidavit of Weslie Sawyer, Attached as Exhibit B*. Accordingly, State Farm is not a citizen of the State of Texas.

6.    Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition,* at ¶¶22-26. Plaintiff claims damage for unpaid policy benefits, investigative and/or engineering fees, interest and attorney's fees totaling $13,166.42. *See Plaintiff's Original Petition,* at ¶¶23 and 27. Plaintiff additionally claims that "While payment of the appraisal award by State Farm may address certain damages under Plaintiff's claim, there are other damages for which State Farm remains liable." *See Plaintiff's Original Petition,* at ¶22. Plaintiff further seeks unspecified consequential damages, exemplary damages, mental anguish damages, treble damages, and further seeks additional damages under the Texas Insurance Code including statutory penalties, interest; and attorneys' fees. *Id.* at ¶68-72. *See Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"); *Hamilton v. Mike Bloomberg 2020, Inc*., 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020) (allegation of compensatory damages, punitive damages, and attorneys' fees bound court to hold that "it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000.00, exclusive of interests or costs."). With the inclusion of the punitive, treble, and statutory damages claimed, the amount in controversy clearly exceeds the $75,000.00 threshold. *See id.*

7.    In light of the foregoing, it is indisputable that the amount in controversy in this case exceeds $75,000.00 based on the preponderance of the evidence. *See Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $28,188.36, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000); *see also Hamilton*, at 843. As such, Plaintiff cannot show that  is it legally certain that the recovery will not exceed the amount stated

in the Petition. *See De Aguilar v Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995), *cert. denied* 516 U.S. 865) ( "we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
### REMOVAL PROCEDURES

7.      On January 10, 2023, Plaintiff filed suit against State Farm in the 434th District Court, Fort Bend County, Texas. *See Original Petition*. State Farm was served on January 19, 2023 and filed its Answer on February 13, 2023.  *See Return of Service, Exhibit C; and State Farm's Original Answer, Exhibit D.*   This Notice of Removal is being filed on February 21, 2023. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit.  *See* 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern  District of Texas is the proper venue because: (1) the property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Fort Bend County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was filed and is pending in Fort Bend County.  *See* 28 U.S.C. § 1441(a).  Fort Bend County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(c)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule CV-81 to be filed with this Notice of Removal are included in the Index of Matters Being Filed, attached.  In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Fort Bend County District Clerk's Office and served on the Plaintiff.

10.     A jury trial was requested in state court and a jury fee was paid.  Defendant hereby requests a jury trial in this cause of action pursuant to Local Rule CV-81(b).

**V.**
**PRAYER**

11.     State Farm respectfully requests that the above-styled action now pending in 434th District Court, Fort Bend County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rcrutchfield@germer.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 21st day of February, 2023.

Chad T. Wilson                                          **Via CM/ECF**
Donald C. Green II
Chad T. Wilson Law Firm, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

_____
**RACHEL CRUTCHFIELD**

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### *NORMA MARTINEZ a/k/a NORMA DYER V.* STATE FARM LLOYDS

(A)    Plaintiff's Original Petition

(B)    Affidavit of Weslie Sawyer

(C)    Return of Citation

(D)    Defendant State Farm Lloyds' Original Answer

(E)    Defendant State Farm Lloyds's Jury Demand

(F)    State Court Case Summary/Docket Sheet

(G)    All Counsel of Record and List of Parties

Filed
1/10/2023 5:31 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

CAUSE NO. <u>23-DCV-300239</u>

| | | |
|---|---|---|
| NORMA MARTINEZ a/k/a NORMA DYER, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Fort Bend County - 434th Judicial District Court |
| | § | |
| | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

---

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Norma Martinez a/k/a. Norma Dyer ("Plaintiff") and files this, Plaintiff's Original Petition and Jury Demand, complaining of State Farm Lloyds ("State Farm" or "Defendant") and for cause of action, Plaintiff respectfully shows the Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 1, pursuant to Texas Rules of Civil Procedure 190.2.

### PARTIES

2.  Plaintiff Norma Martinez a/k/a. Norma Dyer resides in Fort Bend County, Texas.

3.  Defendant State Farm Lloyds is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

1



Defendant's
Exhibit

A

## JURISDICTION

4.  The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5.  Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.  Plaintiff asserts claims for breach of contract, common law bad faith, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.  Plaintiff owns a State Farm insurance policy, number 53-J6-7979-6 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 7530 Alegria Drive, Houston TX 77083 ("the Property").

8.  State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.  State Farm represented to Plaintiff that the Policy included hail and windstorm coverage.

9.  On or about July 1, 2021, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area, including Fort Bend County.

10. In the aftermath of the storm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property.  State Farm assigned claim number 53-21Q2-22T to Plaintiff's claim.

2

11.    Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12.    State Farm hired or assigned Alexandre May ("May") to inspect and adjust the claim. May conducted an inspection on or about July 13, 2021, according to information contained in his estimate. May's findings generated an estimate of damages totaling $548.69. After application of depreciation and a $3,292.00 deductible, Plaintiff was left with no funds to make repairs.

13.    Plaintiff, through undersigned counsel, sent a notice letter to State Farm pursuant to the Texas Insurance Code on November 8, 2021.

14.    In response to the notice letter, State Farm sent a letter dated December 10, 2021, requesting re-inspection of the property.

15.    State Farm hired or assigned Bill Jean ("Jean") to inspect the Property and adjust the claim. Jean conducted an inspection on or about January 11, 2022.

16.    On February 9, 2022, nearly one month after the re-inspection by Jean, State Farm sent a letter stating that no additional damage was found to the Property. State Farm further indicated that it would be taking no further action in investigating the claim.

17.    Plaintiff sent an appraisal demand letter on March 3, 2022, requesting that the claim be sent to appraisal pursuant to the provisions under the Policy. Plaintiff named Kevin Funsch as her independent appraiser.

18.    State Farm responded to Plaintiff's demand for appraisal on March 8, 2022 and named Bryan Scanlan as its independent appraiser.

19.    Appraisal was conducted over the course of the next several months.

3

20.     On November 18, 2022, an appraisal award of $14,466.87 was signed by both appraisers and issued for the claim.

21.     This appraisal award was issued nearly sixteen (16) months after State Farm issued its initial below-deductible estimate and refused to issue payment on the claim.

22.     While payment of the appraisal award by State Farm may address certain damages under Plaintiff's claim, there are other damages for which State Farm remains liable.

23.     Additional damages to be recovered include the withheld depreciation from State Farm's appraisal estimate, investigative and/or engineering fees paid by Plaintiff pertaining to the claim after it was initially denied, appraisal fees paid by Plaintiff, interest pursuant to the Texas Prompt Payment of Claims Act for the late payment of insurance proceeds, and attorneys' fees which continue to accrue.

24.     State Farm and its agents conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

25.     Even after an appraisal award was issued and paid, State Farm has not addressed other claims for damages.

26.     State Farm owes the remaining depreciation, interest and attorney's fees. The Texas Supreme Court made this very clear in *Hinojos v. State Farm,* 619 S. W. 3d 651 (Tex. 2021).

27.     The remaining unpaid policy benefits, investigative and/or engineering fees, interest and attorneys' fees currently total $13,166.42.

28.     State Farm misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage.

29.     After reviewing Plaintiff's Policy, State Farm misrepresented that the damage was caused by non-covered perils.

30.     As demonstrated above, State Farm's initial claim determination totaled less than four (4) percent of the total amount of damages accounted for in the appraisal award, issued more nearly sixteen (16) months later.

31.     State Farm's appraisal payment is inadequate to address the consequential and statutory damages, as well as interest withheld. Plaintiff's Property continues to suffer damages the longer this continues.

32.     As stated above, State Farm failed to assess the claim thoroughly before Plaintiff had to resort to invoking appraisal under the Policy.   Based upon State Farm's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm failed to provide full coverage due under the Policy.

33.     As a result of State Farm's failure to provide full coverage, along with State Farm's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

34.     State Farm failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, State Farm performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

35. Because State Farm has not released the withheld depreciation and failed to pay interest and attorney fees, Plaintiff has not been made whole.

36. State Farm's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapter 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm and Plaintiff.

37. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). State Farm has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Specifically, State Farm has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

38. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). State Farm has failed to provide Plaintiff a reasonable explanation for its initial underpayment of the claim.

39. Additionally, after State Farm received statutory demand on or about November 8, 2021, State Farm had not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor has it provided any explanation for failing to settle Plaintiff's claim fully after issuance of the appraisal award on November 18, 2022.

40. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). State Farm performed a biased

and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

41.     Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable initial evaluation of Plaintiff's losses on the Property.

42.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to State Farm's subpar initial inspection, State Farm failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

43.     State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to State Farm's intentional undervaluation of Plaintiff's claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, its understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for her claim.

44.     State Farm's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

## BREACH OF CONTRACT

45.     All allegations and facts stated above are incorporated herein.

46.     State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and

intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

47. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48. All allegations and facts stated above are incorporated herein.

49. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

50. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

51. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

52. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment or denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

8

53.     State Farm's unfair settlement practice of refusing to pay Plaintiff's full claim without

conducting a reasonable investigation constitutes an unfair method of competition and a

deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54.     All allegations and facts stated above are incorporated herein.

55.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt

Payment of Claims.  All violations made under this article are actionable under TEX. INS.

CODE §542.060.

56.     State Farm's delay in paying Plaintiff's claim following receipt of all items, statements,

and forms reasonably requested and required, for longer than the amount of time provided,

constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

57.     All allegations and facts stated above are incorporated herein.

58.     State Farm's conduct constitutes a breach of the common law duty of good faith and fair

dealing owed to an insured in insurance contracts.

59.     State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,

even though State Farm knew or should have known by the exercise of reasonable diligence

that liability was reasonably clear, constitutes a breach of the duty of good faith and fair

dealing.

### DTPA VIOLATIONS

60.     All allegations and facts stated above are incorporated herein.

61.     State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade

9

Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  State Farm's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.     State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.     State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.    Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

63.    State Farm made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

64.    State Farm waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

65.    Recoverable depreciation in the amount of $3,849.06 was withheld from the appraisal award entered for Plaintiff's claim. State Farm continues to withhold this amount. These

damages are a direct result of State Farm's mishandling of Plaintiff's claims in violation of the laws set forth above.

66.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of State Farm have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative, engineering, and/or appraisal fees incurred.

67.     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of recoverable depreciation withheld from the appraisal award, resulting consequential damages, and attorney's fees.

68.     For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

69.     For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claims, plus a statutory interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

70.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Farm's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the

amount State Farm owed, exemplary damages, and damages for emotional distress.

71.   State Farm's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish State Farm for their wrongful conduct and to set an example to deter State Farm and others from committing similar acts in the future.

72.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

73.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, including interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate. However, Plaintiff stipulates that in no

13

event will she seek $75,000 or more in total recovery.

## JURY DEMAND

74.   Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas.   Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff Norma Martinez a/k/a Norma Dyer prays that Defendant State Farm Lloyds be cited and served to appear and that upon trial hereof Plaintiff recovers from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.   In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show she is so justly entitled.

14

Dated:  January 10, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*
    Chad T. Wilson
    Bar No. 24079587
    Donald C. Green II
    Bar No. 24086619
    CHAD T. WILSON LAW FIRM PLLC
    455 E Medical Center Blvd, Ste 555
    Webster, Texas 77598
    Telephone: (832) 415-1432
    cwilson@cwilsonlaw.com
    dgreen@cwilsonlaw.com

    ATTORNEYS FOR PLAINTIFF

### Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kaitlyn Howe on behalf of Chad Wilson
Bar No. 24079587
khowe@cwilsonlaw.com
Envelope ID: 71675323
Status as of 1/11/2023 8:21 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 1/10/2023 5:31:00 PM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 1/10/2023 5:31:00 PM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 1/10/2023 5:31:00 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 71779810
Status as of 1/13/2023 11:31 AM CST

Associated Case Party: Norma Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | 24079587 | eservice@cwilsonlaw.com | 1/13/2023 11:30:09 AM | SENT |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORMA MARTINEZ a/k/a** | § | |
| **NORMA DYER** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:23-cv-0641** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## AFFIDAVIT OF WESLIE SAWYER

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:  Michele



Defendant's
Exhibit

**B**

Celeste Russo replaced Annette Romero Martinez.

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger:  Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo: Ms. Russo is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.    At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

WESLIE SAWYER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 14 day of February, 2023.

Notary Public for the State of Illinois

OFFICIAL SEAL
ERYK NAJBAR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 02/03/2027

3



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Norma Martinez a/k/a Norma Dyer vs. State Farm Lloyds |
| **Matter Name/ID:** | Norma Martinez a/k/a Norma Dyer vs. State Farm Lloyds (13494777) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 23-DCV-300239 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/19/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



Defendant's
Exhibit

C

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:    STATE FARM LLOYDS**
**C/O CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** filed on **January 10, 2023**, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **23-DCV-300239**  and is styled:

**NORMA MARTINEZ A/K/A NORMA DYER V STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF(S)** is:

**CHAD T WILSON**
**CHAD T WILSON LAW FIRM PLLC**
**455 EAST MEDICAL CENTER BLVD SUITE 555**
**WEBSTER TX  77598**
**832-415-1432**

The nature of the demands of said **PLAINTIFF(S)** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 13th day of January, 2023.**

**BEVERLEY MCGREW WALKER, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
**Deputy District Clerk DREAMY JOSE**
**Telephone: (281) 238-3284**

**SERVICE**

**23-DCV-300239**                                      **434th Judicial District Court**
**Norma Martinez a/k/a Norma Dyer v State Farm Lloyds**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ___.M.  Executed

at _____, within the County of _____

_____, at ____o'clock ___M. on the _____ day of _____,

20__, by delivering to the within named _____

_____, in person, a true copy of this citation together with the accompanying copy of the petition, having first

attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of

delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is
not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:

"My name is _____,
                                          (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation issued to State Farm Lloyds on 1/13/2023.

Filed
2/13/2023 7:28 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

### CAUSE NO. 23-DCV-300239

| | | |
|---|---|---|
| NORMA MARTINEZ a/k/a NORMA DYER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 434TH JUDICIAL DISTRICT |

## <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **STATE FARM LLOYDS** (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the



Defendant's
Exhibit

**D**

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

      **4.**     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

      **5.**     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

      **6.**     **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss."

      **7.**     **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits or additional payments. State Farm paid Plaintiff's covered damages under the Coverage A claim per by the Policy's loss settlement provision. The Policy provides in relevant part:

**SECTION I – LOSS SETTLEMENT**
**COVERAGE A – DWELLING**

**A1 – Replacement Cost Loss Settlement – Similar Construction**:

    a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

        (1)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

2

(2)      when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)      to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed…

Upon issuance of the appraisal award in this matter, State Farm properly issued payment to Plaintiff for the full actual cash value of covered damages in the appraisal award. Plaintiff has yet to provide notification to State Farm that repairs to the property are complete, nor has she requested the replacement cost benefits available to  her under the State Farm Policy, provided documentation of repairs to the property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits.  Thus, Plaintiff's claim fails due to Plaintiff's failure to meet a condition precedent to recovery of replacement cost benefits.

     **8.**     **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

     **9.**     **Normal Wear and Tear and Maintenance.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

**SECTION I – LOSSES NOT INSURED**

1.      We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread

3

damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

g.  wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

3.  We will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, we will not pay for any loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b.  defect, weakness, inadequacy, fault or unsoundness in:

(2)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;

(3)  materials used in repair, construction renovation, remodeling, grading, or compaction; or

(4)  maintenance;

* * * * *

c.  weather conditions.

**10.     Bona Fide/Legitimate Dispute.**    A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**11.     No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

**12.     Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth

therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

13.    **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

14.    **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

5

15.  **Payment of Appraisal Award.** Because the amount of loss has been determined by appraisal and paid, Plaintiff has not sustained any covered damages that could allow her to maintain any extra-contractual cause of action. Specifically, Plaintiff is not entitled to receive any additional Policy benefits, Plaintiff has not lost a contractual right to any additional Policy benefits, and Plaintiff has not alleged any facts that would give rise to an independent injury claim. Further, liability under Texas Insurance Code Chapter 541 incorporates the common law bad faith standard for breach of duty of good faith and fair dealing, which is also barred. Further, Plaintiff's claim for attorney's fees is precluded by Tex. Ins. Code § 542A.007.

16.  **Payment of Interest.** Because the amount of loss has been determined by appraisal and paid Plaintiff cannot recover any additional damages.

17.  **Effect of Appraisal Award.** Appraisal only determines the amount of loss. It does not determine coverage or liability under the policy, which here is disputed.

### III.
### RIGHT TO AMEND

18.  State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **STATE FARM LLOYDS**, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 13th day of February, 2023.

Chad T. Wilson                                                                VIA E-FILE
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com
eservice@cwilsonlaw.com

_Rachel Crutchfield_

**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 72681915
Status as of 2/13/2023 8:37 AM CST

Associated Case Party: Norma  Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | 24079587 | eservice@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Crutchfield | | rcrutchfield@germer.com | 2/13/2023 7:28:17 AM | SENT |

Filed
2/13/2023 7:28 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Norma Sosa

## CAUSE NO. 23-DCV-300239

| | | |
|---|---|---|
| NORMA MARTINEZ a/k/a NORMA DYER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 434TH JUDICIAL DISTRICT |

## DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

Defendant's
Exhibit

**E**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 13th day of February, 2023.

Chad T. Wilson                                                    VIA E-FILE
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com
eservice@cwilsonlaw.com


_____
**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 72681915
Status as of 2/13/2023 8:37 AM CST

Associated Case Party: Norma  Martinez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad Wilson | 24079587 | eservice@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 2/13/2023 7:28:17 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Crutchfield | | rcrutchfield@germer.com | 2/13/2023 7:28:17 AM | SENT |

## LIST OF ATTORNEYS/PARTIES

### NORMA MARTINEZ a/k/a NORMA DYER V. STATE FARM LLOYDS

1.      Chad T. Wilson
        Donald C. Green II
        CHAD T. WILSON LAW FIRM, PLLC
        455 East Medical Center Blvd., Suite 555
        Webster, Texas 77598
        (832) 415-1432 – Telephone
        (281) 940-2137 – Facsimile
        eservice@cwilsonlaw.com
        cwilson@cwilsonlaw.com
        dgreen@cwilsonlaw.com

        *Attorneys for Plaintiff, Norma Martinez a/k/a Norma Dyer*

2.      Dale M. "Rett" Holidy
        Rachel Crutchfield
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900 Houston, Texas 77019
        (713)   650-1313 – Telephone
        (713) 739-7420 – Facsimile
        holidyefile@germer.com
        rcrutchfield@germer.com

        *Attorneys for Defendant, State Farm Lloyds*

**Defendant's Exhibit**

**G**