United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA MARTINEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00641 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Pending before the Court is Defendant State Farm Lloyds' ("Defendant" or "State Farm") Motion for Summary Judgment. (Doc. No. 11). Plaintiff Norma Martinez ("Plaintiff") filed a response. (Doc No. 12). State Farm replied. (Doc. No. 13). The Court hereby **GRANTS** Defendant's Motion for Summary Judgment. (Doc. No. 11).

## BACKGROUND

This is an insurance dispute arising from damage that Plaintiff suffered to her home after a storm in July 2021. (Doc. No. 1 at 9). Plaintiff submitted a claim to her insurer, State Farm, against her Homeowner's Insurance Policy ("Policy") for damage to the property. (*Id.*). State Farm completed an inspection on July 12, 2021, and issued a damage estimate of $548.69. (*Id.* at 10). This amount fell below Plaintiff's $3,292.00 deductible, and State Farm sent Plaintiff a letter explaining that no payment would be made. (Doc. No. 11 at 5). On November 8, 2021, Plaintiff's counsel sent a letter of representation to State Farm alleging property damage in the amount of $16,706.92. (Doc. No. 12 at 4). State Farm acknowledged receipt of the notice letter and requested a reinspection of the Property, which was conducted on January 11, 2022 (*Id.* at 5). No changes were made to the State Farm estimate after the second inspection. (Doc. No. 11 at 6).

On March 2, 2022, Plaintiff sent a letter requesting the claim be sent to appraisal pursuant provisions under the insurance policy. (Doc. No. 12 at 5). Both parties named their independent appraisers. On October 27, 2022, an appraisal award letter was issued which determined property damage losses in the amount of $14,446.87, on a replacement cost basis, and $7,028.93, on an actual cash value basis. (Doc. No. 11 at 6).

On November 18, 2022, State Farm issued to Plaintiff, through her counsel, payment of the actual cash value award in the amount of $7,028.93. (Doc. No. 11 at 6). In the payment letter, State Farm extended the period for Plaintiff to claim replacement cost benefits equal to the depreciation amount determined in the appraisal award of $3,849.06 until November 6, 2024, if she completed repairs or replacement of the damages identified in the appraisal award and submitted appropriate documentation to State Farm within thirty (30) days after the work was completed. (*Id.* at 6-7).

On February 14, 2023, State Farm voluntarily issued additional payment to Plaintiff in the amount of $1,139.59 for potential interest under the Texas Prompt Payment of Claims Act ("TPPCA"). This amount was calculated using an annual rate of 12.5% applied to the appraisal award payment for 473 days, the duration between the first inspection plus fifteen business days (August 2, 2021) and the date State Farm issued its appraisal decision letter and payment (November 18, 2022). (*Id.* at 7).

Plaintiff filed the instant action in state court on January 10, 2023, asserting causes of action for breach of contract (based on State Farm's "failure and/or refusal to pay adequate coverage under the Policy"), violations of Texas Insurance Code Chapters 541 and 542, and attorney's fees under the TPPCA.

In its Motion for Summary Judgment, State Farm argues that its payment of the appraisal award estops Plaintiff from maintaining a claim for breach of contract. (Doc. No. 11 at 9). State Farm also argues that Plaintiff cannot maintain extra-contractual causes of action without additional benefits or an independent cause of action, and that it has paid all conceivable prompt-payment damages. (Doc. No. 11 at 9-10).

In Response, Plaintiff argues that there are genuine issues of material fact as to whether State Farm delayed in paying the appraisal award, paid the appropriate amount, and paid the appropriate amount of interest. (Doc. No. 12 at 8-14). Plaintiff argues that there are issues of material fact as to her causes of action for breach of contract, statutory extra-contractual claims under Chapter 541 of the Texas Insurance Code, claims under the TTPCA, and violations of the Deceptive Trade Practices Act (DTPA). Plaintiff seeks the withheld depreciation of the appraisal estimate, interest pursuant to the TPPCA for late payment of insurance proceeds, investigative and appraisal fees paid by Plaintiff, and attorneys' fees. (Doc. No. 12 at 5).

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact

3

is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## ANALYSIS

### 1. Breach of Contract Claim

Defendant argues that Plaintiff cannot maintain her cause of action for breach of contract because, under the appraisal provision of the Policy, "the parties agreed that appraisal would set the amount of loss…for Plaintiff's claim." (Doc. No. 11 at 9). The Supreme Court of Texas has held that "an enforceable appraisal award…is binding on the parties with respect to that amount." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). Indeed, "it simply does not follow that an appraisal award demonstrates that an insurer breached by failing to pay the covered loss." *Id*. The Fifth Circuit has recognized that "[u]nder Texas law, when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is estopped by the appraisal award from maintaining a breach of contract claim against the insurer." *Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012) (unpublished) (citation omitted) (internal quotation marks omitted).

Neither party disputes that the appraisal provision in Plaintiff's Policy is binding as to the amount of loss. (Doc. No. 11-1 at 43). Plaintiff argues that, despite the payment of the appraisal

4

award, her breach of contract claim survives because 1) State Farm withheld depreciation totaling $3,849.06, and 2) State Farm's payment of the appraisal award was untimely.

The parties appear to dispute whether payment was made 11 days or 22 days after State Farm's receipt of the signed award. (Doc. No. 13 at 2). Plaintiff nonetheless asks this Court to find that the appraisal award was not paid "for an extended period of time." (Doc. No. 12 at 9). Plaintiff has cited no authority, and the Court has not located any authority, to support the contention that an appraisal payment made after 22 days is untimely. Accordingly, this Court cannot find as a matter of law that a delay of 22 days renders the payment "untimely."

State Farm's appraisal payment of $7,325.81 was the actual cash value of the replacement cost value ($14,466.87) less depreciation ($3,849.06) and Plaintiff's deductible ($3,292.00). Plaintiff argues that her breach of contract claim must survive summary judgment because State Farm "withheld" the depreciation from her award. Plaintiff's Policy, however, "requires an insured to make actual repairs to the property within two years from the date of loss to receive replacement cost benefits." (Doc. No. 11-1 at 39-40). State Farm extended the time to make actual repairs (and receive the remaining replacement cost benefits of $3,849.06) to November 6, 2024. (Doc. No. 11-2 at 72). State Farm submitted evidence showing that Plaintiff has not submitted any repair documentation or requested release of her replacement cost benefits under the Policy, and Plaintiff does not raise this issue in her response. (Doc. No. 11 at 7; Doc. No. 11-2 at 2). As a result, following clear Fifth Circuit precedent, this Court finds for State Farm on Plaintiff's breach of contract claim because the "insured is estopped by the appraisal award from maintaining a breach of contract claim against the insurer." *Blum's Furniture*, 459 Fed. Appx. at 368.

## 2. Plaintiff's Extra-Contractual Causes of Action

### A. Chapter 541 of the Texas Insurance Code

The Texas Insurance Code authorizes "a private action against an insurer that commits an unfair or deceptive practice in the business of insurance." *Ortiz*, 589 S.W.3d at 133 (citing Tex. Ins. Code § 541.151) (internal quotation marks omitted). Plaintiff alleges in her Petition that State Farm engaged in various unfair settlement practices, including "misrepresenting to Plaintiff material facts relating to coverage," "failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim," "failing to provide Plaintiff a prompt and reasonable explanation…for underpayment or denial of the claim," and "refusing to pay Plaintiff's full claim without conducting a reasonable investigation." (Doc. No. 1 at 15-16). Plaintiff also alleges that State Farm breached the common law duty of good faith and fair dealing, which requires an insurer "to deal fairly and in good faith with its insured in the processing and payment of loans." *Ortiz*, 589 S.W.3d at 133 (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995)) (internal quotation marks omitted). As articulated by the Supreme Court of Texas, an insured can generally recover benefits as actual damages resulting from a statutory violation where an insured establishes a right to those benefits. *Id.* at 134. Additionally, an insured can recover damages for a statutory violation where she can show an injury independent from the loss of the benefits. *Id.*

State Farm argues that Plaintiff has not sustained any actual damages that could allow her to maintain any of her extra-contractual causes of action against State Farm. (Doc. No. 11 at 10). In response, Plaintiff argues that the sheer difference in value between the initial assessment and the ultimate appraisal award, coupled with the delay in payment of the appraisal award (22 days, although this is disputed) constitutes evidence of bad faith that precludes summary judgment. (Doc. No. 12 at 10). Plaintiff also argues that if her breach of contract claim survives, her extra-

contractual claims must also survive. (Doc. No. 12 at 11). Nonetheless, Plaintiff does not allege that she suffered any independent injury resulting from State Farm's alleged bad faith.

State Farm points to *Ortiz* to argue that the "longstanding principle" in Texas is that "when the insurer pays the binding amount of loss determined by appraisal, the insured has received all benefits owed under the insurance policy and has sustained no actual damages under Chapter 541." (Doc. No. 11 at 10-11); see also *Ortiz*, 589 S.W.3d at 132-133. This Court has already determined that Plaintiff's breach of contract claims do not survive because State Farm made a timely payment of a binding appraisal award. It follows that Plaintiff received "all policy benefits to which she is entitled, and no outstanding benefits remain to be recovered as actual damages for an alleged statutory violation" under Chapter 541. *Ortiz*, 589 S.W. at 134. Plaintiff has offered no evidence to suggest that she suffered an independent injury entitling her to damages in excess of the policy benefits. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018). Just like the plaintiff in *Ortiz*, Plaintiff here "seeks no actual damages other than the policy benefits paid in accordance with the policy's appraisal provision," and therefore "may not maintain a bad faith claim under either the common law or chapter 541." *Ortiz,* 589 S.W. 3d at 134. Accordingly, the Court grants State Farm judgment on Plaintiff's claims under Chapter 541 and the common law duty of good faith and fair dealing.

### B. DTPA Claims

In her Petition, Plaintiff alleges that State Farm's conduct constitutes "multiple violations" of the Texas Deceptive Trade Practices Act ("DTPA"). The parties appear to agree that Plaintiff's DTPA claims arise out of the same factual allegations that give rise to her bad faith claims under Chapter 541 and the common law; indeed, the only argument Plaintiff makes in her response in support of her DTPA claims is that these claims must survive "for the same reasons" that her

Chapter 541 claims must survive. (Doc. No. 12 at 12). The case law is clear that "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting a wrongful denial of policy benefits, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims." *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999) (citations omitted); *see also Kim v. Nationwide Mut. Ins. Co.*, 614 F. Supp. 3d 475, 496 (N.D. Tex. 2022). The Court therefore grants State Farm judgment as to Plaintiff's claims under the DTPA.

### 3. Plaintiff's TPPCA Claims (Chapter 542 of the Texas Insurance Code)

Chapter 542 of the Texas Insurance Code, known as the Texas Prompt Payment of Claims Act ("TPPCA"), imposes procedural requirements and deadlines on insurers to promote the prompt payment of insurance claims. *Morakabian v. Allstate Veh. and Prop. Ins. Co.*, 2022 WL 17501024 (E.D. Tex. Dec. 6, 2022) at *5, *report and recommendation adopted*, 2023 WL 2712481 (E.D. Tex. Mar. 30, 2023); *See also* Tex. Ins. Code § 542.054. The amount of statutory interest for claims arising under Chapter 542A is determined as follows:

> In an action to which Chapter 542A applies, if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Nothing in this subsection prevents the award of prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

*Morakabian,* 2023 WL 2712481 at *6.

To prevail on a claim for TPPCA damages, the insured must establish (1) the insurer's liability under the insurance policy, and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim. *Barbara Techs.*, 589 S.W.3d at 813. In this case, State Farm, "without admitting liability," issued payment to Plaintiff in the amount of

8

$1,139.59 for potential interest under the TPPCA. For this reason alone, State Farm argues that the Court should enter judgment in its favor on Plaintiff's TPPCA claim.

Chapter 542.060(c) of the Insurance Code provides penalties as "simple interest on the amount of the claim," calculated "each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code." Tex. Ins. Code § 542.060. State Farm contends that at the relevant time, the prime rate under Section 304.003 was 7.5%, making the simple interest rate 12.5%. (Doc. No. 11 at 12). State Farm calculated the total amount of potential TPPCA damages with an accrual date of August 2, 2021, fifteen business days after the first inspection, and an end date of November 18, 2022, when the payment was issued. State Farm contends that this was a broad reading of the potential interest it would owe under the TPPCA and that "Plaintiff's TPPCA potential interest claim has been (over)paid." (Doc. No. 11 at 13). Accordingly, State Farm argues that "no question of TPPCA violation remains" and "State Farm is entitled to summary judgment on Plaintiff's claim for TPPCA violation." (*Id.*). Plaintiff argues that State Farm's preemptive payment of $1,139.59 for potential interest under the TPPCA does not moot her claim. Plaintiff takes the position that State Farm applied its interest calculations to the wrong amount, resulting in a calculation that underpays the interest due on the appraisal award under the TPPCA, but does not specifically dispute any aspect of the calculation or offer any summary judgment evidence demonstrating that she is entitled to any more interest under the TPPCA beyond that which State Farm already paid. (Doc. No. 12 at 16).

Plaintiff maintains that the received payments have not been deposited by Plaintiff or her counsel and points to *Martinez v. Allstate Vehicle and Property Insurance Company* to suggest that the purported prepayment of interest is not enough at the summary judgment stage. (Doc. No. 12

9

at 17 n.33); *Martinez v. Allstate Veh. and Prop. Ins. Co.,* No. 4:19-CV-2975, 2020 WL 6887753 at *2 (S.D. Tex. Nov. 20, 2020). The *Martinez* case appears to be an outlier: many Texas and federal courts who have addressed this issue have concluded that summary judgment is appropriate on a Plaintiff's TPPCA claim where a plaintiff has failed to offer any summary judgment evidence demonstrating that they would be entitled to any greater amount of interest than what was paid by the insurer. *Morakabian*, 2023 WL 2712481 at *7 (collecting cases). Here, as in *Morakabian*, "the summary judgment evidence conclusively refutes Plaintiff's position regarding the interest payment." *Id.* at *8.

State Farm provided evidence of the date of its first inspection of Plaintiff's property, which Plaintiff does not dispute was July 12, 2021. (Doc. No. 11-2 at 43). State Farm also provided evidence of the final appraisal award payment, which was November 18, 2022. (Doc. No. 11-2 at 72). Upon review of State Farm's calculations, State Farm's interest payment of $1,139.59 is all for which it could be liable. The principal is $7,028.93, the amount of the appraisal award on an actual cash value basis. The interest rate is 12.5%, which is based on the 7.5% Judgment Rate for February 2023 (when the interest payment was issued) pursuant to Section 304.003 of the Texas Finance Code plus 5% under Section 542.060(c) of the Texas Insurance Code. (Doc. No. 11 at 7). Out of an abundance of caution, State Farm calculated the amount of interest for 473 days (the length of time starting fifteen business days after the initial appraisal and ending with the appraisal award payment). (*Id.*). This exceeds the number of days required under the statute, which provides that interest accrues beginning on the date the claim was required to be paid (sixty days after an insurer receives "all items, statements, and forms reasonably requested and required."). *See* Tex. Ins. Code Ann. § 542.058. Given those inputs, State Farm's calculation of $1,139.59 was correct.

State Farm offers summary judgment evidence detailing exactly how it calculated the maximum amount of statutory interest possibly owed, and Plaintiff raises no issue of fact regarding that calculation. Plaintiff does not specifically dispute the method of calculation, nor does Plaintiff dispute State Farm's accrual date for the purposes of the interest calculation. She merely states, without any supporting evidence, that "State Farm applied its interest calculations to the wrong amount," but does not clarify why she believes State Farm's ultimate interest calculation was erroneous. The Court therefore grants summary judgment in favor of State Farm on Plaintiff's TCCPA claims because State Farm has paid all possible interest to which Plaintiff would be entitled under Chapter 542.060(c) of the Texas Insurance Code.

### 4. Attorney's Fees

Lastly, the Court turns to the issue of attorney's fees. Both parties agree that Section 542A applies. The Court has found that Plaintiff's claims for breach of contract, DTPA violations, and the claims under Chapter 541 and 542 of the Texas Insurance Code do not survive summary judgment. The Supreme Court of Texas recently held that where an insurer has "complied with its obligations under the policy" by paying the appraisal amount plus any possible statutory interest, "there is no remaining amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy." *Rodriguez v. Safeco Ins. Co. of Indiana*, No. 23-0534, 2024 WL 388142 at *4 (Tex. Feb. 2, 2024). No attorney's fees are therefore available under Section 542A.007(a)(3)'s formula. *Id.*

The Court hereby **GRANTS** summary judgment in favor of State Farm on all of Plaintiff's claims. This judgment, however, does not impact Plaintiff's ability to negotiate the payouts/checks referenced above if she has not already done so; nor does it impact her ability to seek

reimbursement for replacement cost benefits. That time limit does not expire until November 6, 2024, and according to Defendant[1] she has until then to do so.

Signed at Houston, Texas, on this the 29th day of March, 2024.

Andrew S. Hanen
United States District Judge

---

[1] *See* Doc. No. 13 at 6.