United States District Court
Southern District of Texas
**ENTERED**
January 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORMA MARTINEZ, | § |
| *Plaintiff,* | § § § |
| VS. | § CIVIL ACTION NO. 4:23-CV-00641 |
| STATE FARM LLOYDS, | § § § |
| *Defendant.* | § § |

## ORDER

Pending before the Court is Plaintiff Norma Martinez's Motion to Alter or Amend. (Doc. No. 17). Defendant State Farm Lloyds ("Defendant" or "State Farm") filed a response. (Doc No. 18). In addition, State Farm filed a Notice of Additional Authority Relevant to the Motion to Alter or Amend. (Doc. No. 19). The Court hereby **DENIES** Plaintiff's Motion to Alter or Amend the Judgment. (Doc. No. 17).

## BACKGROUND

This is an insurance dispute arising from damage that Plaintiff suffered to her home after a storm in July 2021. (Doc. No. 1 at 9). Plaintiff submitted a claim to her insurer, State Farm, against her Homeowner's Insurance Policy ("Policy") for damage to the property. (*Id.*). State Farm completed an inspection on July 12, 2021, and issued a damage estimate of $548.69. (*Id.* at 10). This amount fell below Plaintiff's $3,292.00 deductible, and State Farm sent Plaintiff a letter explaining that no payment would be made. (Doc. No. 11 at 5). On November 8, 2021, Plaintiff's counsel sent a letter of representation to State Farm alleging property damage in the amount of $16,706.92. (Doc. No. 12 at 4). State Farm acknowledged receipt of the notice letter and requested

a reinspection of the Property, which was conducted on January 11, 2022 (*Id.* at 5). No changes were made to the State Farm estimate after the second inspection. (Doc. No. 11 at 6).

On March 2, 2022, Plaintiff sent a letter requesting the claim be sent to appraisal pursuant provisions under the insurance policy. (Doc. No. 12 at 5). Both parties named their independent appraisers. On October 27, 2022, an appraisal award letter was issued which determined property damage losses in the amount of $14,446.87, on a replacement cost basis, and $7,028.93, on an actual cash value basis. (Doc. No. 11 at 6).

On November 18, 2022, State Farm issued to Plaintiff, through her counsel, payment of the actual cash value award in the amount of $7,028.93. (Doc. No. 11 at 6). In the payment letter, State Farm extended the period for Plaintiff to claim replacement cost benefits equal to the depreciation amount determined in the appraisal award of $3,849.06 until November 6, 2024, if she completed repairs or replacement of the damages identified in the appraisal award and submitted appropriate documentation to State Farm within thirty (30) days after the work was completed. (*Id.* at 6-7).

On February 14, 2023, State Farm voluntarily issued additional payment to Plaintiff in the amount of $1,139.59 for potential interest under the Texas Prompt Payment of Claims Act ("TPPCA"). This amount was calculated using an annual rate of 12.5% applied to the appraisal award payment for 473 days, the duration between the first inspection plus fifteen business days (August 2, 2021) and the date State Farm issued its appraisal decision letter and payment (November 18, 2022). (*Id.* at 7).

Plaintiff filed the instant action in state court on January 10, 2023, asserting causes of action for breach of contract (based on State Farm's "failure and/or refusal to pay adequate coverage

2

under the Policy"), violations of Texas Insurance Code Chapters 541 and 542, and attorney's fees under the TPPCA.

In its Motion for Summary Judgment, State Farm argued that its payment of the appraisal award estops Plaintiff from maintaining a claim for breach of contract. (Doc. No. 11 at 9). State Farm also argued that Plaintiff cannot maintain extra-contractual causes of action without evidence that she was owed additional benefits under the Policy or an independent cause of action, and that it has paid all conceivable prompt-payment damages. (Doc. No. 11 at 9-10).

In response, Plaintiff argued that there are genuine issues of material fact as to whether State Farm delayed in paying the appraisal award, paid the appropriate amount, and paid the appropriate amount of interest. (Doc. No. 12 at 8-14). Plaintiff also argued that there are issues of material fact as to her causes of action for breach of contract, statutory extra-contractual claims under Chapter 541 of the Texas Insurance Code, claims under the TTPCA, and violations of the Deceptive Trade Practices Act (DTPA). (*Id.*).

The Court granted summary judgment on all issues. (Doc. No. 16). First, the Court granted summary judgment on the contractual claims because, even accepting Plaintiff's statements of fact as true, the Court could not find that State Farm's appraisal payment was "untimely" as a matter of law. (*Id.* at 5). The Court concluded that Fifth Circuit precedent required the finding that "the insured is estopped by the appraisal award from maintaining a breach of contract claim against the insurer." (*Id.*); *see Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012) (unpublished) (citation omitted) (internal quotation marks omitted).

Second, the Court granted summary judgment on Plaintiff's statutory claims because "Plaintiff received all policy benefits to which she is entitled, and no outstanding benefits remain to be recovered as actual damages for an alleged statutory violation under Chapter 541." (*Id.* at 7)

3

(citing *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019)). Further, Plaintiff's DTPA claims were precluded because Plaintiff failed to succeed at summary judgment on a bad faith claim. (Doc. No. 16 at 8) (citing *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999)).

Finally, the Court granted summary judgment on Plaintiff's claims under the Texas Prompt Payment of Claims Act ("TPPCA") based on State Farm's preemptory payment of statutory interest. (Doc. No. 16 at 10). While there was a case in which the prepayment of statutory interest was held to be insufficient to grant summary judgment without evidence that Plaintiff had accepted the funds, the Court found that case to be something of an outlier. *Compare Martinez v. Allstate Veh. And Prop. Ins. Co.*, No. 4:19-cv-2975, 2020 WL 6887753 at *2 (S.D. Tex. Nov. 20, 2020) (holding that evidence showing acceptance of the pre-paid interest is required) *with Morakabian v. Allstate Veh. And Prop. Ins. Co.*, 2023 WL 2712481 at *3–*4 (E.D. Tex. Mar. 30, 2023) (collecting cases to the contrary). Based on State Farm's pre-payment of the maximum statutory interest possible, the Court found that Plaintiff's TPPCA claim was precluded as a matter of law.

Following the Court's Order Granting Summary Judgment, (Doc. No. 16), Plaintiff filed a Motion to Alter or Amend the Judgment. (Doc. No. 17). Plaintiff's argument primarily relies on a single order from a different court within the Southern District held that the pre-payment of statutory interest was *not* sufficient for summary judgment absent evidence that the Plaintiff accepted, or intended to accept, the payment. (*Id.* at 1) (citing *Jana Jordan v. State Farm Lloyds*, 4:23-cv-1276, 2024 WL 1392562 (S.D. Tex. Apr. 1, 2024)). Accordingly, Plaintiff argues that the *Jordan* case qualifies as an "intervening change in controlling law," and that the Court should amend its order to follow the *Jordan* Court's reasoning. (Doc. No. 17 at 3–4).

4

State Farm responded, arguing that the *Jordan* Court's reasoning was based solely on one previous order that this Court has already deemed to be "an outlier." (Doc. No. 18 at 1). State Farm further pointed the Court to numerous opinions from the Fifth Circuit, various Texas courts of appeals, and the Supreme Court of Texas, all holding to the contrary. (*Id.* at 5).

## LEGAL STANDARD

A motion to alter or amend under Rule 59(e) is a request for "extraordinary relief." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007). Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). A district court "may grant a motion to alter or amend the judgment under Rule 59(e) where there is (1) an intervening change in controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

## ANALYSIS

The Court finds that Plaintiff has not demonstrated any basis for the Court to alter or amend its prior judgment in this case. Plaintiff's motion does not point the Court to any clear error of law or any new evidence that was not previously available. As such, the Plaintiff's argument seems to be based entirely on a different case in the Southern District of Texas being recognized as an "intervening change in controlling law." (Doc. No. 16 at 4).

5

All parties agree, as does the Court, that the order granting summary judgment in the *Jordan* case was "intervening." The *Jordan* order was entered on April 1, 2024—three days after this Court's March 29, 2024 Summary Judgment Order. (Doc. No. 16); (Case No. 4:23-cv-1276, Doc. No. 19). Thus, the important question is whether it is "controlling" as Rule 59(e) contemplates. Several courts have found that "controlling law" for the purposes of Rule 59(e) refers specifically to on-point and binding precedent only. *See Tetrev v. Pride Intern., Inc.*, 444 F. Supp. 2d 524, 528 (D.S.C. 2006) (holding that state supreme court case did not control federal court procedure and was not controlling law); *Feltzs v. Cox Comm's Cal., LLC*, 562 F. Supp. 3d 535, 540 (C.D. Cal. 2021) (holding that whether an intervening case was "binding precedent" was a necessary finding for Rule 59(e) analysis); *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1078 (D. Colo. 2010) (holding that an intervening circuit opinion that sets out the same standard but applies it differently to different facts was not controlling law); *Chudy v. Colvin*, 68 F. Supp. 3d 242, 244 (D. Mass. 2014) ("As an initial matter, the court notes that *Gill* is an unpublished First Circuit opinion and as such, has no precedential value. Thus, it cannot readily be assumed that *Gill* represents an 'intervening change in the controlling law' such that reconsideration is mandated.") (internal citations omitted).

Notably, the Fifth Circuit does not seem to have formally stated that "controlling law" as defined in Rule 59(e) means "binding precedent only." Based on the cases cited above and this Court's analysis, however, reading "controlling law" to refer to "binding precedent" is the most reasonable compelling interpretation. To start, "control" is defined as "to exercise restraining or directing influence over; to have power over." *Control*, MIRRIAM-WEBSTER'S DICTIONARY (11th ed. 2020). In other words, "controlling" law should restrain or direct this Court's decision making. Binding precedent is "[a] precedent that a court must follow." *Binding Precedent*, BLACK'S LAW

6

DICTIONARY (12th ed. 2024). Persuasive precedent, on the other hand, is defined as "precedent that is not binding on a court, but that is entitled to respect and careful consideration." *Persuasive Precedent*, BLACK'S LAW DICTIONARY (12th ed. 2024).

Considering these definitions, the Court concludes that it is most logical for "controlling" law to be the law that *actually controls*—in other words, binding precedent.[1] As such, opinions by other district courts, while informative and entitled to respect and careful consideration, do not bind this Court's reasoning as a matter of constitutional order. *See Am. Elec. Power Co., Inc. v. Connecticut*, 564 U.S. 410, 428 (2011). ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court.").

As the Court reads Rule 59(e) to require an intervening change of binding precedent, and because Judge Ellison's order in *Jordan* does not constitute binding precedent, the Court finds that Plaintiff has shown no intervening change in controlling law, as required by Rule 59(e). As such, the Motion to Alter or Amend is **DENIED**.

Signed at on this 31st day of January, 2025.

Andrew S. Hanen
United States District Judge

---

[1] Of course," law that controls" can also refer to statutes. Nevertheless, because the only "intervening" law here is case law, the Court does not address other potential forms of controlling law.